IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

Dated: April 23, 2010



*Smh/Mauchley* (signature)
SARAH S. CURLEY
U.S. Bankruptcy Judge

DAVID WM. ENGELMAN, SBA #004193
OLGA ZLOTNIK, SBA #027268
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@engelmanberger.com
Email: oxz@engelmanberger.com

Attorneys for Arizona Federal Credit Union

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SABINO DUARTE QUITALIB, JR. AND ROSE BARTOLOME QUITALIB,<br><br>Debtors. | Chapter 13<br><br>Case No. 2:09-bk-31883-SSC<br><br>**STIPULATED ORDER FOR AVOIDANCE OF DEED OF TRUST LIEN** |

This matter comes before the Court pursuant to the stipulation and agreement (the "Stipulation") between Sabino Duarte Quitalib, Jr. and Rose Bartolome Quitalib (the "Debtors") and Arizona Federal Credit Union, a secured creditor and party-in-interest ("AZFCU"). Through this Stipulated Order, Debtors and AZFCU have agreed to the entry of an order avoiding AZFCU's junior position deed of trust on the Debtors' residence located at , subject to the terms and conditions stated herein. The Debtors and AZFCU have reached the agreements set forth herein for mutual consideration, and in the respective judgment of the Debtors, for the benefit of the bankruptcy estate.

In relation to this matter, the Court FINDS and CONCLUDES as follows:

I. **FINDINGS OF FACT**

1. The Debtors filed a voluntary petition commencing a Chapter 13 proceeding on December 10, 2009 (the "Filing Date") under Case No.2:09-bk-31883-SSC.

/ / /

/ / /

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

3. Debtors are the owners the real property located at 6960 South Silver Drive, Chandler, Arizona 85249 (the "Property"), which Property is the principal residence of the Debtors. The Property is legally described as:

> LOT 1433, OF SUN GROVES PARCEL 19, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY IN BOOK 624 OF MAPS, PAGE 20.

4. On or about November 17, 2006, the Debtors obtained a loan from AZFCU in the original principal amount of $5,000.00, as evidenced by the *"Second Mortgage Closed-End Note, Disclosure, and Loan Agreement"* (the "Property Note").

5. The Property Note is secured by a valid and perfected second-position deed of trust on the Property in favor of AZFCU (the "AZFCU Deed of Trust").

6. On March 5, 2010, the Debtors filed their *"Second Amended Chapter 13 Plan and Application for Payment of Administrative Expense"* (the "Plan").

7. Section (J) of the Plan alleges that the debt owed to the holder of the senior deed of trust on the Property exceeds the value of the Property, and that the Property Note is therefore wholly unsecured. The Plan seeks to "strip off" the AZFCU Deed of Trust pursuant to 11 U.S.C. §506.

8. AZFCU and the Debtors stipulate and agree to "strip off" the AZFCU Deed of Trust strictly upon the terms and conditions set forth in this Stipulated Order. The Court finds that the Stipulation is in the best interest of the estate.

II. **ORDER**

Based on the foregoing, and the entire record before the Court, and good cause appearing, it is hereby ORDERED as follows. AZFCU and the Debtors are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

A. **Avoidance of AZFCU Deed of Trust.** Upon the completion of all of the terms and conditions of the Plan and the entry of a discharge pursuant to 11 U.S.C. §1328(a), the AZFCU Deed

of Trust shall be avoided and shall be of no further force or effect. Such avoidance shall become immediately effective upon the entry of the discharge, but until such time, the AZFCU Deed of Trust shall remain in full force and effect. Within thirty (30) days after successful completion of the Plan and the entry of a discharge pursuant to 11 U.S.C. §1328(a), AZFCU will provide the Debtors with a release of the AZFCU Deed of Trust.

B. **Effect of Conversion or Dismissal.** In the event that this bankruptcy case is dismissed or converted to a proceeding under Chapter 7 prior to the entry of a discharge under 11 U.S.C. §1328(a), then the AZFCU Deed of Trust shall remain in full force and effect and shall not be subject to avoidance.

C. **Sale or Refinance of Property.** The Debtors may petition the Court for a release of AZFCU's lien prior to discharge by appropriate separate application to the Court, with notice to AZFCU and to its counsel, in the event of a sale or refinancing of the Property. Notwithstanding this provision, AZFCU preserves all its rights and remedies to object to such application.

D. **General Unsecured Claim.** AZFCU shall have an allowed general unsecured claim in the amount of $98,189.96, which represents the principal balance of $8,329.82 due under the Property Note, plus interest through the Filing Date in the amount of $411.28.

E. **Foreclosure of First Deed of Trust.** In the event that the holder of the first-position lien against the Property forecloses its security interest and extinguishes the AZFCU Deed of Trust prior to completion of the Plan and receipt of a discharge under 11 U.S.C. §1328(a), the AZFCU Deed of Trust shall attach to any surplus proceeds of such foreclosure sale for the full amount due under the Property Note at the time of such sale.

F. **Costs and Attorneys' Fees.** Each Party shall bear its own costs and attorneys' fees incurred in connection with AZFCU's objection to the "strip off" provisions of the Plan.

G. **Notice and Finality.** A copy of the Notice of Filing this Stipulated Order shall be served by Arizona Federal Credit Union on all creditors and parties-in-interest entitled to such notice under Bankruptcy Rule 9019 and Local Rule 9013-1(k). If no objections are timely received within twenty-one (21) days from the date of such service, this Stipulated Order will become final. If

objections are received, they will be considered by this Court by notice and hearing. The noticing procedure provided herein shall constitute sufficient notice to all creditors and parties-in-interest.

**DATED** this _____ day of _____, 200__.

_____
Honorable Sarah Sharer Curley
United States Bankruptcy Court

**AGREED AS TO FORM AND CONTENT:**

_/s/ signature_____
David Wm. Engelman
Olga Zlotnik
Attorney for Arizona Federal Credit Union


_/s/ Nasser U. Abujbarah (w/permission)_
Nasser U. Abujbarah
Attorneys for Debtors

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012